UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-42-1-F
No. 4:11-CV-191-F

| | | |
|---|---|---|
| CODY HARRIS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
|     Respondent. | ) | |

This matter is before the court on motion of petitioner, Cody Harris ("Harris") to vacate set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. The Government has responded and concurs in Harris's request. This is a "*Simmons*" case.[1]

The material details underlying the instant motion are not contested. Harris contends that neither of his two prior North Carolina "felony" convictions constitutes a "felony" for purposes of his felon-in possession conviction under 18 U.S.C. § 922(g) as a result of the *Simmons* decision. The Government specifically concedes that Harris's prior marijuana conviction alleged in the Indictment as the predicate for the § 922(g) charge (Count Ten) is not a "felony," as that term was re-interpreted by the Fourth Circuit Court of Appeals in *Simmons*.[2]

---

[1] *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

[2] The Government did not mention the prior state *cocaine* conviction noted in the Presentence Report at ¶ 21, that was imposed on January 6, 2010 – the day prior to return of this Indictment on January 7, 2010. The Indictment did not specify that recent conviction as a predicate for the § 922(g) charge.

Because the parties concede and the court finds that Harris's conviction as to Count Ten of the Indictment – felon-in-possession in violation of 18 U.S.C. § 922(g) – must be vacated in light of *Simmons*, it therefore is ORDERED:

- Harris's § 2255 Motion to Vacate, Set Aside or Correct his Conviction and Sentence is ALLOWED as to his conviction of Count Ten and his sentence thereon, for violation of 18 U.S.C. § 922(g);

- Harris's conviction and sentence for violating 18 U.S.C. § 922(g) – Count Ten of the Indictment [DE-1] – are VACATED;

- the United States Probation Office is DIRECTED to prepare and submit a revised Presentence Report in accordance with the provisions of this order, the rules of this court and the ruling in *Simmons;*

- the Clerk of Court is DIRECTED to schedule and notice this matter for a resentencing hearing consistent with the *Simmons* ruling during the term of court beginning on **February 27, 2012**, in **Wilmington, North Carolina**;

- the Government will ensure Harris's transportation and housing as needed for the resentencing hearing;

- *except as ordered herein*, the Judgment [DE-40] entered on November 10, 2010, remains in full force and effect.

SO ORDERED.

This, the 10th day of January, 2012.

James C. Fox
JAMES C. FOX
Senior United States District Judge